**VIRGINIA NATIONAL BANK,**
Appellee,

v.

**UNITED STATES of America,**
Appellant.

No. 71-1317.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1971.

Decided Nov. 15, 1971.

Winter, Circuit Judge, dissented and filed opinion.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

David English Carmack, Atty., Tax Div., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Thomas L. Stapleton, Attys., Tax Div., Dept. of Justice, and Brian P. Gettings, U. S. Atty., and William T. Mason, Jr., Asst. U. S. Atty., on brief), for appellant.

T. Howard Spainhour, Norfolk, Va. (Kaufman, Oberndorfer & Spainhour, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

■ Virginia law requires national banks to pay to the State a tax on shares of bank stock ($1 on each $100 share certificate) assessed against their stockholders. Title 58 Code of Virginia, ch. 10, § 58–465 *et seq.* Some stockholders (among whom are charities and insurance companies) are exempted from the tax. The banks are required by the State to pay directly to these exempt stockholders an amount equal to the tax that would be assessed against them were they not exempt. Title 58 Code of Virginia, ch. 10, § 58–480.1. Virginia National Bank, taxpayer in the present case, brought suit in the United States District Court for the Eastern District of Virginia for refund of federal income taxes, claiming that the payments to exempt shareholders made during 1963 ($5,629.95), 1964 ($6,148.30), 1965 ($11,121.46), and 1966 ($13,637.74) were deductible as taxes under 26 U.S. C.A. § 164(a) (1)–(2),[1] or 26 U.S.C.A. § 164(e),[2] or as ordinary and necessary business expenses under 26 U.S.C.A. § 162(a).[3] The government claims that the payments are nondeductible dividends under 26 U.S.C.A. §§ 301(a), (c),[4] 312(a),[5] and 316(a).[6] The district

---

1. § 164. Taxes
(a) General rule.—Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:
(1) State and local, and foreign, real property taxes.
(2) State and local personal property taxes.
    \*    \*    \*    \*    \*

2. (e) Taxes of shareholder paid by corporation.—Where a corporation pays a tax imposed on a shareholder on his interest as a shareholder, and where the shareholder does not reimburse the corporation, then—
(1) the deduction allowed by subsection (a) shall be allowed to the corporation; and
(2) no deduction shall be allowed the shareholder for such tax.

3. § 162. Trade or business expenses
(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business \* \* \*.

4. § 301. Distributions of property
(a) In general.—Except as otherwise provided in this chapter, a distribution of property (as defined in section 317(a)) made by a corporation to a shareholder with respect to its stock shall be treated in the manner provided in subsection (c).
    \*    \*    \*    \*    \*
(c) Amount taxable.—In the case of a distribution to which subsection (a) applies—
(1) Amount constituting dividend.—That portion of the distribution which is a dividend (as defined in section 316) shall be included in gross income.
    \*    \*    \*    \*    \*

5. § 312. Effect on earnings and profits
(a) General rule.—Except as otherwise provided in this section, on the distribution of property by a corporation with respect to its stock, the earnings and profits of the corporation (to the extent thereof) shall be decreased by the sum of—
(1) the amount of money,
    \*    \*    \*    \*    \*

6. § 316. Dividend defined
(a) General rule.—For purposes of this subtitle, the term "dividend" means any distribution of property made by a corporation to its shareholders—

court, 321 F.Supp. 316, held that the payments are ordinary and necessary business expenses and, alternatively, that the payments are taxes. We hold the payments are nondeductible dividends, and reverse.

■■ With exceptions not pertinent here, sections 301 and 316 of the Internal Revenue Code contemplate that distributions out of earnings and profits made by a corporation to shareholders with respect to stock shall be taxable to the shareholders as dividends. Nickerson Lumber Co. v. United States, 214 F. Supp. 87, 91 (D.Mass.1963). Whether payments are dividends depends upon the substance of the transaction. *Id.* at 92. The required payments to the exempt stockholders here fit the statutory definition of "dividends." Under section 316, "every distribution is made out of earnings and profits to the extent thereof." [7] The Virginia statute requiring these payments simply effectuated and directed a small partial distribution of earnings and profits. The effect of, and presumably the purpose of, the pay-

ments to the exempt stockholders is simply to put the impact of the bank share tax on nonexempt shareholders alone. Were the payments to exempt shareholders not required, the result would be a diminution of the common source of funds out of which dividends could be paid by the amount of tax assessed against the nonexempt stockholders. If the remainder of the money available for dividends was then equally distributed among all stockholders, the result would be that tax exempt shareholders would have actually paid a share of the tax, *i.e.*, such an exempt stockholder would receive a smaller dividend than if there was no such tax diminishing the fund.[8] On the other hand, if the required payments *and* the amount of the tax are subtracted from the fund available for dividends before the fund is distributed equally among all stockholders, the required payments to exempt stockholders plus the normal dividend received by all stockholders equal the portion of the dividend fund the exempt stockholders would have received in the absence of the tax.[9] The payments to

---

(1) out of its earnings and profits accumulated after February 28, 1913, or

(2) out of its earnings and profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.

Except as otherwise provided in this subtitle, every distribution is made out of earnings and profits to the extent thereof, and from the most recently accumulated earnings and profits. To the extent that any distribution is, under any provision of this subchapter, treated as a distribution of property to which section 301 applies, such distribution shall be treated as a distribution of property for purposes of this subsection.

7. The bank does not claim a capital distribution.

8. Suppose the bank has 100 exempt stockholders (each owning one share), 100 nonexempt stockholders (each owning one share), and a $5,000 source out of which to pay dividends. The state tax is $1

per share. The bank will subtract from the $5,000 the state tax on the nonexempt stockholders (which the bank must pay to the State), leaving $4,900 to be distributed as dividends. Each of the 200 stockholders will receive a dividend of $24.50. Because each exempt stockholder has received $0.50 less than he would have received in the absence of a tax ($5,000 divided by 200 equals $25), he in effect has paid a tax of $0.50.

9. Suppose the bank has 100 exempt stockholders (each owning one share), 100 nonexempt stockholders (each owning one share), and a $5,000 source out of which to pay dividends. The state tax is $1 per share. The bank will subtract from the $5,000 the state tax on the nonexempt stockholders (which the bank must pay to the State) and the amount of tax that would be assessed against the nonexempt stockholders but for the exemption, leaving $4,800 to be distributed as dividends. Each of the 200 stockholders will receive a dividend of $24. In addition each *exempt* stockholder will receive $1, the amount of tax that would have been paid in his behalf were he not exempt. Each exempt stockholder has received $25,

the exempt stockholders are in substance dividends required by state law to achieve true exemption. We think such payments were made with respect to stock—"to the shareholder in his capacity as such" in the clarifying language of Treas.Reg. § 1.301–1(c) (1971).

■ The compulsory nature of the payments does not per se make them business expenses under section 162. Commissioner v. Lincoln Savings & Loan Ass'n, 403 U.S. 345, 91 S.Ct. 1893, 29 L.Ed.2d 519 (1971). We agree with the government, moreover, that a distribution by a corporation of its own earnings and profits to its own stockholders as stockholders cannot be considered a cost of doing business. See Swed Distributing Co. v. Commissioner, 323 F.2d 480 (5th Cir. 1963).

■ That the bank shares owned by insurance companies cannot be exempted from taxation under section 183 of the Virginia Constitution does not transform payments made to insurance companies into taxes paid by the bank (§ 164(a)) or imposed upon the exempt stockholders (§ 164(e)). The *license* tax on the insurance companies' income includes the amount of tax that would be due on the bank shares but for the statutory exemption; if the license tax does not equal or exceed the bank share tax, the companies apparently would have to pay the difference between the license tax and what the bank share tax would be. Title 58 Code of Virginia, ch. 11, § 58–500. The payments made by the bank to the insurance companies in effect reimburse the companies for the amount of bank share taxes paid by the companies included in the license tax. The license tax, however, was paid by the insurance companies and not by the bank, so that the payments, even if taxes, could not be deducted by the bank

under section 164(a). The payments, furthermore, are not "taxes" imposed upon the exempt stockholders under section 164(e). The payments assured that the insurance companies would not pay the bank share tax twice by bearing part of the tax imposed upon the non-exempt stockholders in the form of smaller dividends. The fact that the exempt insurance companies might have to remit to the State some of the payments (in the event that their license tax is not equal to or more than the bank share tax would have been) does not turn the payments into taxes. The payments are simply a source of income to the insurance company stockholders out of which a tax *might* be paid.

■ Nor does the fact that a tax is the only obligation that may be imposed upon a national bank by a state convert these payments into taxes. See 12 U.S. C.A. § 548 (conferring authority upon the states to tax national bank shares). The required payments are merely incidental to the taxation of the nonexempt stockholders: the Virginia statute requiring the payments directs the division of the fund out of which the bank share tax and dividends are paid to assure that the tax imposed upon the nonexempt stockholders will be borne entirely by them.

Reversed and remanded for recalculation of the judgment in accordance with this opinion.[10]

Reversed and remanded.

WINTER, Circuit Judge (dissenting):

I dissent. As the district judge in his memorandum opinion correctly demonstrated, the distributions to exempt stockholders were ordinary and necessary expenses paid during the taxable year in carrying on the bank's trade or business within the meaning of 26 U.S.

---

what he would have received in the absence of a tax ($5,000 divided by 200 equals $25), and, therefore, remains truly exempt from the state tax.

10. The judgment of the district court granted a refund to taxpayer of federal

income taxes of $44,598, plus interest. According to taxpayer's brief, the issue on appeal involves approximately 45 percent of the entire amount of the judgment.

C.A. § 162(a). Accordingly, they should be deductible as ordinary and necessary business expenses.

Commissioner of Internal Revenue v. Lincoln Savings & Loan Asso., 403 U.S. 345, 91 S.Ct. 1893, 29 L.Ed.2d 519 (1971), and Swed Distributing Co. v. C. I. R., 323 F.2d 480 (5 Cir. 1963), are not to the contrary. By no stretch of the imagination can it be said that the distributions to the exempt stockholders constituted a benefit to the bank or an "additional capital asset—the basis of decision in *Lincoln Savings*. Nor is there in the instant case the identity of interest present in *Swed Distributing Co.* that would require the compulsory nature of the payment to be disregarded for federal tax purposes.

I would affirm the district court to the extent that it held the distributions deductible as ordinary and necessary business expenses.